

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ABRAHAM JOSEPH WASHINGTON | CIVIL ACTION |
| VERSUS | NO. 05-3015 |
| ORLEANS PARISH PRISON ET AL. | SECTION "T" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Abraham Joseph Washington, is a convicted inmate currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against OPP and the State of Louisiana Department of Corrections ("DOC"). Washington asserts claims concerning the conditions of his confinement, including that he has been "consistently denied and refused normal use of the restroom" and has not been transferred to a DOC facility as provided in his sentence. He seeks monetary damages and transfer to a DOC facility. Record Doc. No. 1 (Complaint at ¶¶ IV and V).

```
___ Fee_____
___ Process_____
_X_ Dktd_____
_√_ CtRmDep____
___ Doc. No____
```

The form Section 1983 complaint employed by plaintiff specifically asks at ¶ II(A), "Is there a prisoner grievance procedure in this institution?" Plaintiff's answer is a clear "yes," and this court knows from prior litigation in this court that OPP has a three-step Administrative Remedies Procedure ("ARP") that has been approved by this court. The form Section 1983 complaint employed by plaintiff also specifically asks at ¶ II(B), "Did you present the facts relating to this complaint in the prisoner grievance procedure?" Plaintiff's answer is a clear "no."

## ANALYSIS

In the Prison Litigation Reform Act of 1996 ("PLRA"), Congress revised the exhaustion provision to <u>require</u> that a prisoner <u>complete</u> an available prison ARP before filing a Section 1983 suit and to eliminate the district court's discretion to permit a suit to proceed without exhaustion. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (citing the Civil Rights of Institutionalized Persons Act, 94 Stat. 352, as amended, 42 U.S.C. § 1997(e)). In short, 42 U.S.C. § 1997(e)(a) now <u>mandates</u> exhaustion of administrative remedies, stating that "<u>no</u> action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility <u>until such administrative remedies as are available are exhausted</u>." 42 U.S.C. § 1997(e)(a) (emphasis added).

In <u>Clifford v. Gibbs</u>, 298 F.3d 328, 329 (5th Cir. 2002), the Fifth Circuit reiterated the Supreme Court's finding that the "exhaustion requirement applies to <u>all</u> inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Id.</u> (citing <u>Porter</u>, 534 U.S. at 992) (emphasis added).

Washington admits in his complaint that he has <u>not</u> exhausted the available ARP at OPP as to his claims about the conditions of his confinement. Record Doc. No. 1, Complaint at ¶ II(B). In fact, his form complaint is clear that he has not even presented his complaint through the ARP at OPP. It is clear from the language of the statute, from the Supreme Court's decision in <u>Porter</u>, and from the Fifth Circuit's recent decision in <u>Clifford</u> that exhaustion of an available prison ARP is a requirement before filing suit. Because plaintiff has conceded that he failed to exhaust the ARP at OPP concerning his claims of unconstitutional conditions of confinement, it is unnecessary to address the merits of plaintiff's claims, and this complaint must be dismissed <u>without prejudice</u> for failure to exhaust available administrative remedies, pursuant to the plain language of Section 1997e(a).

Accordingly, plaintiff's complaint must be dismissed without prejudice to refiling after exhausting his administrative remedies.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 22 day of July, 2005.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE